## City of Philadelphia versus Miskey.

1. Where damages have been assessed or agreed on for land taken for
Fairmount Park, the land vested in the City of Philadelphia, and if the
landowner continues in possession it is at sufferance and he can be turned
out at any time.

2. Either under the Act of April 14th 1868, or by a common-law action
of debt, the landowner may recover the damages assessed or agreed on im-
mediately upon confirmation of the report relating to damages.

3. Stewart v. County, 2 Barr 340, distinguished.

Error to the District Court of Philadelphia: To January
Term 1870, No. 271.

This was a writ of error by the City of Philadelphia to the
judgment of the court below in Miskey v. Philadelphia, imme-
diately preceding; it was argued with that case. It was tried in
the court below, October 21st 1869.

On the trial the plaintiff offered in evidence the record of the
Court of Quarter Sessions of the report of the commissioners and

18 P. F. SMITH—4

[City of Philadelphia *v.* Miskey.]

the confirmation of the report; also the petition of the plaintiff to the same court, praying the court to decree the payment of interest on the sum agreed on with the commissioners from the date of the agreement with the decree of the court for the payment of interest from the date of the confirmation of the report. These offers were objected to by the defendant, admitted by the court and bills of exceptions sealed.

The defendant offered to prove that the plaintiff had possession of the land until April 6th 1869, the day when the damages were paid. The offer was refused by the court and a bill of exceptions sealed.

The verdict was for the plaintiff for $2175, the amount of interest from the day of the agreement as claimed by him.

The District Court, upon reserved points, afterwards entered judgment for $1115.10, being interest from the day of the confirmation of the report.

The points submitted by the defendant are stated in the assignments of error, which were:—

1 and 2. Admitting in evidence the records of the Court of Quarter Sessions.

3. Rejecting the evidence offered by the defendant.

4. Refusing to charge that section 9th of the Act of April 21st 1869 related back and became part of the Act of March 26th 1867, and its supplement of April 14th 1868; and there having been no judicial interpretation of that act and its supplement, upon the faith of which the plaintiff below acted, he had acquired no such vested rights as would prevent the 9th section of the supplement of 21st April 1869 from having a retrospective operation.

5. Refusing to charge that the decree of the Court of Quarter Sessions was not such a judicial interpretation, for their jurisdiction is limited by the act to a revision of the negotiations of the park commissioners. But if it be such a judicial interpretation, the plaintiff below did nothing upon the faith of it, and therefore it does not prevent the supplement of April 21st 1869 from relating back.

6. Refusing to charge that the only right to sue in another court upon a decree of the Court of Quarter Sessions is derived from the Act of April 21st 1855, and the year there mentioned had not expired at the time this suit was brought.

7 and 8. Not charging that the verdict should be for the defendant below; and in not entering judgment for the defendant below on the points reserved.

9. The assessment of damages is excessive and beyond the amount proved.

The substance of the 7th section of the Act of 1855 is stated in the opinion of the Supreme Court; the sections of the other acts are found in Haley *v.* Philadelphia, antea p. 45.

[City of Philadelphia *v.* Miskey.]

*C. H. Jones* (with whom was *T. J. Barger*, City Solicitor), for
plaintiff in error, cited the same authorities as in Miskey *v.* Phila-
delphia, antea 48 ; and on the 4th and 5th assignments : Dwar. on
Statutes 685 ; Attorney-General *v.* Pougett, 2 Price 241 ; Hep-
burn *v.* Curts, 7 Watts 300 ; Lambertson *v.* Hogan, 2 Barr 22 ;
Braddee *v.* Brownfield, 2 W. & S. 271 ; O'Connor *v.* Warner, 4 Id.
223 ; Gault's Appeal, 9 Casey 94.

*J. C. Longstreth* and *H. C. Townsend*, for defendant in error,
cited, as to the 4th and 5th assignments, Reiser *v.* William Tell
Association, 3 Wright 137, and also the same authorities cited by
them in Miskey *v.* Philadelphia.

The opinion of the court was delivered, May 8th 1871, by
SHARSWOOD, J.—The judgments just entered in Haley *v.* The
City, and Miskey *v.* The City, have settled the two principal
points of contention in this cause.   1st. That in proceedings under
the Act of April 14th 1868, Pamph. L. 1083, interest is payable
to the owner of land appropriated for the purpose of the Fair-
mount Park, upon the valuation agreed upon between him and the
commissioners from the date of its confirmation by the Court of
Quarter Sessions.   2d. That the 9th section of the Act of April
21st 1869, Pamph. L. 1194, declaring "that no interest shall be
allowed on damages for ground taken up to the time of their pay-
ment, or the issue of any warrant for their payment by the city
of Philadelphia," so far as it undertakes to establish a rule for
cases which had arisen and been adjusted either by agreement of
the parties, or the award of a jury prior to its passage, is uncon-
stitutional and void.   Some other grounds of error have been
raised upon this record by the plaintiff which it is our duty to
notice.

The 1st assignment is to the admission in evidence of the record
of the Court of Quarter Sessions, showing the report of the com-
missioners of the valuation agreed upon and the confirmation
thereof by the court.   But it was certainly necessary, in order
that the plaintiff should sustain his action against the city, sup-
posing the court below to have had jurisdiction, a question to be
considered presently, that he should show that the commissioners
had made report, and that it had been confirmed.   This he could
only do by the record.

The 2d assignment is to the admission of the record of the
Court of Quarter Sessions, showing the order and decree of that
court upon the subject of interest.   We may assume it to be true,
as the plaintiff in error contends, that the Quarter Sessions had
no jurisdiction to make that order, that their power in the
premises was exhausted when they approved and confirmed the
original report.   Yet if, as we shall see, the question of interest

[City of Philadelphia *v.* Miskey.]

was a pure question of law arising upon the first record, the error of admitting the second record, if it was an error, was an entirely harmless one. It is not contended here that the award of interest by that court was final and conclusive, as it undoubtedly would have been in any collateral proceeding if the court had jurisdiction.

The 3d error assigned is, that the court below did not permit the defendant to prove that the plaintiff enjoyed possession of the land in question until payment of the damages was made. The evidence offered was clearly irrelevant. The Acts both of 1867 and 1868 had vested the title in the city; if the plaintiff below continued in possession it was at sufferance merely. He could be turned out at any moment. As was remarked by Mr. Justice Strong in City of Philadelphia *v.* Dyer, 5 Wright 463 : "Delay of payment is not the less an injury because the landowner may continue the occupation of the land. Such occupation can be but permissive, at all times subject to the paramount rights of the public. The land cannot be built upon or improved, except at the hazard of the improver, and it is worthless for sale. Its principal value has been taken away, * * * and the city has acquired the right to enter at will." Stewart *v.* The County, 2 Barr 340, upon which the plaintiff principally relies, has no bearing upon this question. The road laws under which that case was decided were peculiar in this, that no right to sue for damages was given by the statute, and after the lapse of a year without payment the entire proceedings fell. It was considered to be a reasonable inference that the legislature did not mean to give interest. In this case the Act of 1868 expressly declares that the amount of the agreed valuation or damages shall be payable forthwith upon the confirmation of the report. If the contention of the plaintiff in error should prevail by merely not making an actual entry upon the land, the defendant might be kept out of his money indefinitely, and yet the plaintiffs in error have all they wished for the purposes of a park, namely, an open space unimproved and unoccupied.

The 4th and 5th assignments, which relate to the effect of the Act of 1869, are disposed of by the opinion in Haley *v.* The City.

The 6th assignment relates to the jurisdiction of the court below to entertain this action. It is urged that the only remedy of the plaintiff was under the 7th section of the Act of April 21st 1855, Pamph. L. 266. That section provides that the landowner, if the damages assessed for the opening of streets "be not paid within one year, may sue said city for the recovery thereof." The suit below was brought in less than a year from the confirmation. But the Act of 1868 provides that the amount confirmed by the court shall be payable forthwith by the city. The provision of the Act of 1867, as to the remedy being the same as that pro-

[City of Philadelphia *v.* Miskey.]

vided by law in the opening of roads in the city of Philadelphia, is in words, indeed, confined to damages assessed by a jury, but if it is to be so confined there is no remedy provided by the act, and it follows that the party has his common-law remedy by action of debt. But if the words of the act be extended by construction to include the case of an agreed valuation, it is nevertheless plain that the Act of 1855, giving the city one year in which to make payment, has been superseded and changed in that respect by the Act of 1868, which makes the amount to be payable forthwith.

The 7th and 8th errors assigned are general ones, and need not be particularly noticed. The 9th is, "that the assessment of damages is excessive and beyond the amount proved." The learned court below on the reserved point reduced the amount of the verdict. If there was any mistake in the calculation it was the duty of the plaintiff to have pointed it out specially in his assignment, or at least upon the paper-book. He should have given us his own calculation and the result. We are not expected to be experts in such matters. After puzzling my brains somewhat over the figures, though I have not been able to arrive at the same exact amount with the learned court below, yet the difference is but a few dollars, and *de minimis non curat lex.*

Judgment affirmed.