## Wayne *v.* Pennsylvania Railroad Company, Appellant.

*Railroads—Condemnation of land—Damages—Delay in paying damages—Compensation for delay—Interest.*

1. When a railroad company in the exercise of its right of eminent domain enters upon land and definitely locates its line of road thereon, it becomes immediately liable to pay damages to the owner, and if it delays in making payment of the damages, and the delay is not caused by any act of the landowner in standing out for an exorbitant sum, the company is liable for the loss of the use of the money to the owner. The burden is upon the railroad company to show facts that will excuse its delay, and if it fails to do so it cannot complain if a jury awards

to the owner damages for the delay which may equal the interest on the money.

2. In estimating the damages for a delay the jury cannot make any deduction because the railroad did not immediately enter upon the land, and the owner was consequently relieved for the time from an unsightly embankment, and the noise, dirt and smoke which would have resulted from the building and operation of the road.

Argued Feb. 7, 1911. Appeal, No. 227, Jan. T., 1910, by defendant, from judgment of C. P. Chester Co., April T., 1909, No. 73, on verdict for plaintiff in case of William Wayne v. Pennsylvania Railroad Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass quare clausum fregit on appeal by plaintiff from the award of a jury of view. Before HEMPHILL, P. J.

The case turned upon the instruction of the court as to amount of damages the plaintiff was entitled to for the delay of the railroad in settling with him for his land.

Verdict and judgment for plaintiff for $75,125. Defendant appealed.

*Errors assigned* were (1, 2) the portions of the charge quoted in the opinion of the Supreme Court.

*A. M. Holding* and *William I. Schaffer*, for appellant.— The elements of damage, in addition to the land taken, were the inconvenience in appellee's farming operations, resulting from the manner of the cutting of his fields, the unsightly appearance of the embankment, the cutting off of his view, and the smoke, noise and dirt from the operation of the road.

Nothing whatever was done to disturb the possession of the appellee, or to subject him to annoyance, from the time of the location of the road in April, 1905, to the date of the trial in May, 1910. He was still in possession, use, and enjoyment of the land, he had no inconvenience in his farming operations, he still enjoyed the view that he

had, without the interference of the embankment, and he was not subjected to any noise, dirt or smoke.

It was therefore a fair question for the jury, whether appellee was damaged at all by reason of the detention of the moneys, which, technically, became due him in 1905: Reading & Pottsville R. R. Co. v. Balthaser, 126 Pa. 1; Richards v. Gas. Co., 130 Pa. 37; Klages v. Phila. & Reading Terminal Co., 160 Pa. 386; Becker v. R. R. Co., 177 Pa. 252; Provident Life & Trust Co. v. Phila., 202 Pa. 78; Mengell v. Water Co., 224 Pa. 120.

All the cases in this state unite in the rule, that in considering such damages the jury should consider "all the circumstances" and decide in view of all the circumstances: Reading & Pottsville R. R. Co. v. Balthaser, 126 Pa. 1; Mengell v. Water Co., 224 Pa. 120; Taylor v. Paul, 6 Pa. Superior Ct. 496; Klages v. Phila. & Reading Terminal Co., 160 Pa. 386; Becker v. R. R. Co., 177 Pa. 252.

*William W. Porter*, with him *J. Frank E. Hause* and *Henry Pleasants*, for appellee, cited: Provident Life & Trust Co. v. Phila., 202 Pa. 78; Mengell v. Water Co., 224 Pa. 120; Halfman v. Ins. Co., 160 Pa. 202; Krepps v. Carlisle, 157 Pa. 358; Hamilton v. R. R. Co., 194 Pa. 1.

Opinion by Mr. Justice Stewart, May 1, 1911:

When a railroad company, exercising the right of eminent domain, enters upon land and definitely locates its line of road thereon, it thereby appropriates the land taken to a public use. The right of the owner to any use of the land, inconsistent with the use for which it was taken, thereupon ceases; but immediately thereupon his right to damages vests. The law substitutes the damages for the land. But until the amount which would compensate the owner has been definitely ascertained, either by agreement between the parties or judicial determination, the owner's claim is not a debt owing by the company within the legal meaning of that term, but remains simply a claim for damages. Because interest is an incident of

debt, and not an incident of unliquidated damages, it follows that when a corporation fails to make compensation to the owner for land taken, at the time of its appropriation, and delays until a final determination of the amount recoverable has been reached, the question is one of damages and not of interest. Whether the owner is entitled to damages on this account, and if so, how much, are questions sometimes for the jury. Prima facie, he is entitled to damages for delay in payment. The law contemplates that in the first instance the parties will themselves agree upon the amount. If they do agree, it is presently payable and interest attaches as an incident. If they fail to agree and either appeals to the court, it becomes a question of damages; and here, again prima facie, the owner is entitled to damages for the delay. But in fact he may not be so entitled. If he has disappointed the law and stubbornly refused to name an amount which he would be willing to accept as compensation; or in the same spirit, has been extortionate in his demands, and has named a sum exorbitant and unreasonable, a jury might well find that he has himself unjustifiably provoked the delay and deny him all damages therefor. But the law will not presume any such conduct on his part. If the corporation would excuse itself for its delay on any such ground, the burden is on it to show the excusing facts; failing in this, the right of the owner to damages in such amount as the jury may assess is unquestionable. The right results as matter of law; the quantum alone is for the jury to determine. The learned trial judge in that part of his charge which we quote below, and which is made the subject of the first assignment, instructed the jury in strict accordance with the rules and principles we have above stated. The instruction is as follows: "Having ascertained the damages as of the 25th of April, 1905, at which time Mr. Wayne was entitled to receive whatever damage was done him, and you will consider the damages as of that date, and award him that amount, together with whatever value you may attach to the loss of the use of that money, which he

would then have had, down to the present time. Whatever value you think the use of that money would have been to him, and the usual value of money is the interest rate— sometimes under circumstances it may be higher or lower— whatever the value of that money would have been to him, and which he has lost by reason of the nonpayment, he would be entitled to, and you should add that to the damages which you ascertain he has suffered." The complaint is that the instruction denied the jury the right of determining whether any damages were due by reason of the delay in payment. So it did, and very properly, on the evidence. The defendant offered no excuse whatever for the delay. We must presume that plaintiff stated terms to which defendant was unwilling to accede. Why unwilling? Were these terms unreasonable and extortionate? Or, did the plaintiff do anything in any way that caused or justified the refusal? The court could not on simple basis of conjecture have referred this question to the jury. No more serious error could have been committed. Prima facie, as we have said, the plaintiff was entitled to damages, and nothing was shown to the contrary. The assignment is without merit.

The second assignment has still less to support it. That part of the charge here complained of is as follows: "Say you calculate first what loss—the deprivation of the use of this money from the 26th of April down to the present time, or say the first of May, 1905, down to the present time, was, but then Mr. Wayne has had advantages which he might have been deprived of, but which the Pennsylvania Railroad Company did not deprive him of; he has had the use of the 20 acres; he has had the free and uninterrupted ingress from one side of his property to the other; and what has that been worth to him? Deduct that, then, from whatever loss the use of the money has been, and add that balance or difference to your estimate of the damages which the taking was entailed, and that would make your verdict." It is complained that the instruction failed to include among the items the jury were

directed to consider in abatement of plaintiff's claim the fact that the defendant, during the period for which the claim is made, had not occupied the land with its railroad, the argument being that without occupancy the injuries of which the plaintiff most complained, "the unsightly embankment, and the noise, dirt and smoke" could not have been sustained. But why should any deduction, because of any of the things enumerated by the court or omitted, be made? It was not a question of what use the defendant made of the land; but what the use of the money which the plaintiff was entitled to receive from the defendant on April 26, 1905, but did not, was worth to him during the time it was withheld. His right to the money attached when his land was taken from him; and, for all that here appears, it was then presently payable. The right of the railroad company to enter upon the land was also immediate, and no delay on its part to exercise this right, however prolonged, could excuse its failure to pay promptly for the right it acquired. The law governing such cases is thus stated in Philadelphia v. Dyer, 41 Pa. 463, approved in Philadelphia v. Miskey, 68 Pa. 49: "It is a common rule to allow interest for the detention of money after it should have been paid. Delay of payment is not the less an injury, because the landowner may continue in the occupation of the land. Such occupation can be but permissive, at all times subject to the paramount rights of the public. The land cannot be built upon or improved, except at the hazard of the improver, and it is worthless for sale. Its principal value has been taken away by the ordinance directing the street to be opened, and the city has acquired the right to enter at will." Here the railroad company acquired the right to inflict upon the plaintiff any and all of these different injuries when it appropriated his land; it ought to have compensated him when it acquired that right; it has not as yet made compensation, and for this delay it is answerable in damages.

The assignments are dismissed, and the judgment is affirmed.