Mast *v*. Lancaster County et al., Appellants.

382

Argued May 26, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Oliver S. Schaeffer,* for appellant.

*Windolph & Mueller,* for appellee.

PER CURIAM, June 30, 1932:

Defendant appeals from the refusal of a new trial in an action for damages for land taken in connection with the relocation of a state highway in Salisbury Township, Lancaster County.

The jury returned a verdict in writing as follows: "And now, to wit, November 24, 1931, we, the jurors empaneled in the above case, find in favor of Levi K. Mast $2,300.00 twenty-three hundred dollars and against with interest from July 22, 1929, $323.72," using a printed form sent out with them by the court. The trial

judge, who had in his charge instructed that, if a verdict was found for plaintiff, damages for detention of the money due should be added, upon return of this verdict again instructed the jury, in the presence of counsel for both sides, that the verdict was not in proper form, "that they should not find an amount of money with interest, but should find the amount due the plaintiff together with a certain amount for the detention of the said sum from the time it was due," and he inquired whether they wished to retire to the jury room or could find a correct verdict from their seats. They informed the court that they had agreed upon $2,623.72 as the amount of damages due from defendant to plaintiff. The court thereupon recorded the verdict as follows: "And now Nov. 23, 1931, a jury being called......who being duly sworn or affirmed according to law, do say upon their said oaths or affirmations respectively that they find in favor of the plaintiff for the sum of $2,623.72," and this is the verdict that appears upon the record before us.

The verdict, as orally amended, was none the less valid (Rottmund v. Penna. R. R. Co., 225 Pa. 410, 416) ; nor can we see any point in appellant's intimation that there was error in lumping the items of damage (see discussion on this subject in Lackawanna T. & S. Co. v. Lackawanna & W. V. R. R., 299 Pa. 503, 506 et seq.). Moreover, if the amendment had not been made by the jury, the error in the written verdict in referring to the amount due for delay in payment of damages as "interest" was a technical defect which the court, under the Act of March 14, 1872, P. L. 25, 12 P. S. 536, could have remedied: Thompson v. Emerald Oil Co., 279 Pa. 321, 326; Parks v. Bishop, 296 Pa. 91. This however was unnecessary when the jury itself did so.

The refusal of a new trial under the circumstances was proper.

Judgment is affirmed.