## Culver *v.* Commonwealth, Appellant.

Argued November 23, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Phil H. Lewis,* Deputy Attorney General, with him *H. Ray Pope, Jr., J. Perry Eckels,* and *James H. Duff,* Attorney General, for appellant.

No appearance was made or brief filed for appellee.

OPINION BY MR. JUSTICE DREW, January 3, 1944:

This appeal by the Commonwealth is from an order of the learned court below directing the payment of interest on a verdict obtained against it in an eminent domain proceeding.

The action arose through the condemnation of .38 of an acre of land of appellee, Rodney Culver, by the State Department of Highways, in the improvement of State Highway No. 82, section 8, in Vernon Township, Crawford County. Viewers made an award of $1100, and appellee appealed to the court of common pleas and a verdict in his favor of $2500 was rendered. Upon refusal of its motion for a new trial and the entry of judgment on the verdict, the Commonwealth appealed to this Court, alleging error in the charge to the jury. We, being convinced that there was error but that it was harmless, affirmed the judgment (346 Pa. 262, 29 A. 2d, 531). Thereafter the Commonwealth offered to pay the amount of the judgment (and eventually did so), but refused to pay interest on the verdict and the costs incident thereto; and, therefore, appellee petitioned the court below for a rule for such payment. This rule was granted, as well as one requested by the Commonwealth on the question of jurisdiction. The court below then entered an order dismissing the Commonwealth's petition and the rule granted thereon; making absolute the rule granted on appellee's petition and directing the Commonwealth to

pay the costs and interest involved. From that order, the Commonwealth took this appeal.

The Commonwealth does not now dispute its liability for payment of the costs, nor could it effectively do so, in view of our recent decision in *Tunison v. Commonwealth*, 347 Pa. 76, 31 A. 2d 521. The very narrow question before us is, as set forth in the Commonwealth's brief: "Is the Commonwealth liable to a property owner for the payment of interest in addition to the amount recovered as actual property damages when it has exercised the right of eminent domain for the improvement of a State highway?"

As to payment of interest by the State, we said, in *Philadelphia v. Commonwealth*, 276 Pa. 12, 14, 119 A. 723: "Interest, as between individuals, is recoverable under usage of trade, contract or statute. The theory on which interest is allowed, except in cases of contract to pay interest, is that it is damages for delay or default in payment by the debtor, measured by a rate per cent. The State is not liable to pay interest on its debts unless bound by statute or by contract of its executive officers. The government is presumed to be always ready to pay, and it would be against public policy to declare it otherwise . . ." See also *Northwest'n Nat. Bk. v. Com'nw'lth*, 345 Pa. 192, 27 A. 2d 20. In the instant case, there is no contract by any executive officer to pay interest on the verdict, nor is there any statute calling for such payment.

The learned court below was of the opinion that the Act of April 25, 1929, P. L. 777, as amended by the Act of March 26, 1931, P. L. 10,* has obligated the Commonwealth to pay interest under the facts of this case—this being an eminent domain proceeding. A reading of this

---

* This Act provides: "The amount of damages allowed in a report of viewers for the taking, injury or destruction of property by the exercise of the right of eminent domain shall, as finally confirmed, bear interest at the rate of six per centum per annum from the date of the filing of the report."

statute reveals that this was error. In *Tunison v. Commonwealth,* supra, we said (p. 78) : ". . . it is axiomatic that a statute is never presumed to deprive the state of any prerogative, right or property unless the intention to do so is clearly manifest, either by express terms or necessary implication. *Baker et al. v. Kirschnek et al.,* 317 Pa. 225; *Commonwealth v. Trunk et al.,* 320 Pa. 270; see 59 C. J. 1103, §653." The Act of 1929, as amended, does not specifically mention the Commonwealth nor does it indicate any intendment on the part of the legislature to deprive the State of its nonliability for the payment of interest on its obligations. When the legislature has such an intention it will clearly express it in a statute. It is not for us to deprive the State of any part of its sovereignty.

We are satisfied the order of the court below must be modified to relieve the Commonwealth of the payment of interest on the verdict.

Order, as modified, affirmed.