Fidelity-Philadelphia Trust Company et al., Appellants, v. Commonwealth et al.

Argued April 12, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*W. Horace Hepburn, Jr.*, for appellants.

*Richard Hay Woolsey*, with him *Phil H. Lewis*, Deputy Attorney General, *James H. Duff*, Attorney General, *Edwin S. Ward* and *O. Charles Brodersen*, Assistant City Solicitors, and *Frank F. Truscott*, City Solicitor, for appellees.

OPINION BY MR. JUSTICE JONES, May 21, 1945:

The principal question raised by this appeal is whether an owner of property appropriated by or in behalf of the Commonwealth of Pennsylvania through condemnation is entitled to damages for delay in payment of the sum ascertained to be reasonable compensation

for the property so taken. The learned judge of the court below answered the question in the negative. The trial court's action in such regard is squarely raised by assignments of error 1 and 2 which, respectively, go to the court's affirmance of a point for charge in relevant connection submitted by the defendant and its refusal of a point to opposite effect submitted by the plaintiff. There are two additional assignments of error (Nos. 3 and 4). Assignment 4 ascribes error to the lower court's refusal of the plaintiff's motion for a new trial which largely reasserted the alleged error in the trial court's action with respect to the points for charge above-mentioned. Assignment 3 complains of the striking out of certain testimony at trial.

Pursuant to the Act of May 7, 1937, P. L. 589, as amended by the Act of July 10, 1941, P. L. 345 (36 P.S. §961-1 to 15 inc.), the City of Philadelphia, in August 1942, acting as the agent for the Commonwealth of Pennsylvania, condemned, inter alia, for public use, in connection with approaches to the Delaware River Bridge, certain property of the plaintiff located on Vine Street in Philadelphia. The plaintiff, claiming to be aggrieved by the award of damages made by the Board of Viewers, appealed from the award to the Court of Common Pleas No. 2 of Philadelphia County. At the trial of the case (before Common Pleas No. 4) on November 16, 1944, the jury returned a verdict for the plaintiff in a specified sum whereon the court entered judgment.

By virtue of the action taken with respect to the points for charge to which we have referred, the learned trial judge instructed the jury that the plaintiff was not entitled to damages for delay in payment of the sum due him as reasonable compensation for the property taken by or in behalf of the Commonwealth. The court's general charge neither offset nor detracted from the instruction but, in its practical effect, served to confirm it. We think the instruction was reversible error.

Prima facie, an owner of private property which is condemned and appropriated for public use is entitled to damages for delay in payment of the sum due as reasonable compensation for the property taken. *Mast v. Lancaster County,* 308 Pa. 381, 383, 162 A. 288; *Pennsylvania Co., etc., v. Philadelphia,* 268 Pa. 559, 565, 112 A. 76; *Hoffman v. Philadelphia,* 261 Pa. 473, 475, 104 A. 674; *Same v. Same,* 250 Pa. 1, 5-6, 95 A. 322; *Wayne v. Pennsylvania Railroad Company,* 231 Pa. 512, 515, 80 A. 1097.

The right to damages for delay in payment in such cases may, of course, be lost if the cause for the delay is the fault of the property owner. Such fault may be evidenced by an unconscionable or excessive claim of damages by the owner of the property or by his refusal, as otherwise indicated, to negotiate for the amicable settlement of the property damages. "But the law [does] not presume any such conduct on his [the owner's] part": *Wayne v. Pennsylvania Railroad Company,* supra, at p. 515. There is no evidence in this case of any unwillingness or refusal on the part of the plaintiff to arrive at an amicable adjustment of the damages nor of any effort by either party to that end. In that situation, the parties presumably being content to have the damages determined by appropriate legal proceedings, the owner's right to damages for delay in payment remains unimpaired. Cf. *Hoffman v. Philadelphia,* 250 Pa. 1, 5-6, 95 A. 322.

Such being the law in general, is damage for delay in payment compensable when the Commonwealth is the condemnor? We think it is. Loss of use of the property or its proceeds because of delay in payment is an element of damage the same as is the value of the appropriated property. The law so recognizes: see cases cited supra. The Constitution of the State requires that just compensation be first made or secured for the taking of private property for public use. Where that is not first

done, i. e., at the time of the taking, the integrity of the constitutional requirement can be respected only by including in the award for the value of the property taken such damage as there may have been (within legally prescribed limits) due to the delay in payment for the property.

The case of *Culver v. Commonwealth,* 348 Pa. 472, 474, 35 A. 2d 64, upon which the appellee relies, held that the Commonwealth was not liable for interest on a verdict obtained by an owner as damages due to an appropriation of his property by the Commonwealth. The rationale of the rule is that "The State is not liable to pay interest on its debts unless bound by statute or by contract of its executive officers." See also *Philadelphia v. Commonwealth,* 276 Pa. 12, 14, 119 A. 723, from which the rule was quoted. But, until the damages for the Commonwealth's taking of private property for public use are ascertained, there is no debt. In determining by legal proceedings the quantum of the debt due for the taking, damages for delay in payment is a proper element. It is not interest. While "measured by an interest rate [it is] recoverable as damages": see *Whitcomb v. Philadelphia,* 264 Pa. 277, 284, 107 A. 765, which also specifies how the measuring rate may be arrived at. It is after the damages, compensatory for the taking and the delay in payment, have become fixed as a debt of the Commonwealth that the pertinency of the rule in the *Culver* case, supra, arises. In ascertaining the debt, the plaintiff had a right to have the jury determine the damages, if any, due to the delay in payment from the time of the taking.

We accordingly sustain the appellant's first, second and fourth assignments of error. However, as the case must go back for a new trial and as the third assignment relates to the exclusion of testimony at trial, we deem it not inappropriate to add that the third assignment is without merit. Upon the defendant's cross-examination

of an expert witness produced by the plaintiff, the witness said that a sale of the property in question would have been a "sale with a cloud on it", evidently referring to the condemnation proceeding in prospect which, apparently, had been in the public's contemplation long before it was instituted. The learned trial judge then asked the witness, "You mean a cloud of distress?" The witness responded with a long dissertation, which for the most part had no real relevancy to the case, and the learned trial judge very properly struck out the answer on the defendant's motion. The exclusion of the testimony was nothing whereof the plaintiff has any just cause for complaint. Moreover, no exception to the trial court's action was taken.

The judgment of the court below is reversed with a v. f. d. n.