## Gravity Fill Service Station, Inc., et al. v. Turnpike Commission

Before Smart, Adams, and Kennedy, JJ.

*John D. McIntyre* and *Reed, Smith, Shaw & McClay*, for plaintiff.

*Earl F. Reed, Jr., J. Roland Johnston* and *Thorp, Reed & Armstrong*, for defendant.

KENNEDY, J., February 27, 1953.—Both of the above-captioned cases are eminent domain proceedings and were tried with juries in two separate weeks in January 1953.

In the Gravity Fill Service Station case the jury returned a verdict as follows: "In favor of Gravity Fill Service Station, Inc., in the amount of $38,500 and in addition a detention fee of three percent per annum for a period of 3½ years; a total verdict in the sum of $4,042.50. Total, $42,542.50."

In the William Penn Auction Company case the jury returned a verdict as follows: "In favor of the plaintiff in the amount of $38,000, with detention money at the rate of four percent, from September 15, 1951, to January 15, 1953 (one year and four months) or $2,026.66. Total, $40,026.66."

Defendant, by counsel, has filed motions for new trials giving as reasons: (1) The verdicts are excessive, which contention was abandoned at argument and in the briefs submitted; (2) that the court erred in instructing the jury that it could add to the amount of its verdict for plaintiffs compensation for delay.

Plaintiffs respectively, by counsel, also filed cautionary motions for a new trial claiming the verdicts were inadequate but abandoned these motions at oral argument and have not filed any briefs.

It is the contention of defendant that since it, the Pennsylvania Turnpike Commission, is an instrumentality of the Commonwealth performing governmental functions that it is not liable for damages for delay in payments for property which it has condemned as it has given the property owner a bond as security for all damages later to be found due him.

We are not asked to grant retrials but only to remold the respective verdicts by striking from them the amounts allowed by the juries as detention money.

Defendant relies on the case of Pennsylvania Turnpike Commission v. Smith et al., 350 Pa. 355 (1944), which was a case of an appeal from an award of arbitrators. The contractor, Smith, had relied on inaccurate statements as to the type of subjacent materials

in bidding on an excavation job and was granted a money verdict to compensate him for the additional costs incurred as the result of the misrepresentation. It was held by the Supreme Court that in the circumstances the contractor was not entitled to interest on the verdict as modified by the common pleas court even though there was considerable delay in the litigation, because the commission was an instrumentality of the Commonwealth; that if the legislature intended to allow interest on claims or awards, it would have clearly expressed it in the statute.

Culver v. Commonwealth, 348 Pa. 472, is also called to our attention. That case holds that in an eminent domain proceeding the Commonwealth is not required to pay interest on a verdict reduced to a judgment following the refusal of a new trial and after an appeal to the Supreme Court, which affirmed the judgment.

Marianelli v. General State Authority, 354 Pa. 515, is also cited. In that case plaintiff, in an assumpsit action, recovered a verdict on its claim which also included an agreed substantial sum for interest. The lower court struck from the verdict the allowance of interest; the Supreme Court affirmed and ruled that the State is not liable to pay interest on its debts unless bound to do so by a statute and that such immunity also applies to governmental agencies, viz., the General State Authority.

It will readily be seen that none of these cases is in point. They deal with interest, not with damages for delay in payment of just compensation.

In the case of Fidelity-Philadelphia Trust Company et al. v. Commonwealth et al., 352 Pa. 143, the Supreme Court stated the following on pages 145 and 146:

". . . Prima facie, an owner of private property which is condemned and appropriated for public use is entitled to damages for delay in payment of the sum due as reasonable compensation for the property taken.

Mast v. Lancaster County, 308 Pa. 381, 383, 162 A. 288; Pennsylvania Co., etc., v. Philadelphia, 268 Pa. 559, 565, 112 A. 76; Hoffman v. Philadelphia, 261 Pa. 473, 475, 104 A. 674; Same v. Same, 250 Pa. 1, 5-6, 95 A. 322; Wayne v. Pennsylvania Railroad Company, 231 Pa. 512, 515, 80 A. 1097 . . ."

"Such being the law in general, is damage for delay in payment compensable when the Commonwealth is the condemnor? We think it is. Loss of use of the property or its proceeds because of delay in payment is an element of damage the same as is the value of the appropriated property. The law so recognizes: see cases cited supra. The Constitution of the State requires that *just compensation be first made or secured for the taking of private property for public use.* Where that is not first done, i.e., at the time of the taking, the integrity of the constitutional requirement can be respected only by including in the award for the value of the property taken such damage as there may have been (within legally prescribed limits) due to the delay in payment for the property." (Italics supplied.)

It is argued, however, that the decision quoted from, supra, is not controlling here because the Commonwealth does not give a bond when it condemns private property, whereas the Turnpike Commission in these proceedings admittedly furnished the respective plaintiffs with a surety bond, and the decision states: "The Constitution of the State requires that just compensation be first made or *secured* for the taking of private property for public use." We cannot agree with this contention. The bond given to the property owner by the Turnpike Commission is of no value to him until and unless the judgment later to be obtained is not paid. His measure of damages in substituting specie for a realty asset is the difference between the before and the after value of the property taken and as

affected by the taking. Why should the condemnor have the use and become the owner of the realty asset on the date of the taking and the condemnee receive nothing while he is deprived of the use of the money. The fact that the condemnee has a bond as security is of no importance in connection with his right for damages in delay in payment because there is a presumption in law that the owner is entitled to such damages and it is the burden of the condemnor to overcome that presumption.

In the Gravity Fill Service Station case defendant took a total of about 10 acres of vacant land, theoretically at least, on June 14, 1949. The jury allowed detention money at the rate of 3 percent as of the date of taking.

In the William Penn Auction Company case defendant took approximately eight acres also on June 14, 1949. Plaintiff operated an auction enterprise on a consignment arrangement and received commissions on the sales. This company was able to continue its business without interruption until September 15, 1951, when work was commenced by defendant and normal access to the auction building was shut off and plaintiff discontinued business. The jury exercised laudable judgment in allowing detention money at four percent interest only from the time that plaintiff was denied full use and enjoyment, not only of the property taken, but of the balance of its property remaining, and which was consequentially damaged by reason of the taking.

Cases ruling on the right to damages for delay in payment of compensation in an eminent domain proceeding may be found in the footnotes to section 227, 14 Standard Pa. Practice. If condemnors wish to avoid the payment of detention money as occurred in each of the verdicts rendered by the juries in these current proceedings, they should follow the procedure outlined

in The Philadelphia Ball Club, Limited, v. The City of Philadelphia, 192 Pa. 632, and submit it to the jury affirmatively that the demands of the property owner were so grossly excessive and unreasonable that no settlement based on just compensation could be amicably effected.

In one of these cases now before us the highest estimate of damages by plaintiff's expert was $187,145. The lowest estimate of damages given by defendant's expert was $26,920—an almost irreconcilable spread.

It is our conclusion that the motions of defendants to strike from the verdicts the detention damages awarded by the juries should be denied.