Treser, Appellant, *v.* General State Authority.

Argued June 12, 1959. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*Joseph J. Malizia,* for appellant.

*Edward A. Collins, Jr.,* with him *James Philpott,* for appellee.

OPINION BY WATKINS, J., September 16, 1959:

This appeal presents the issue as to whether, in an eminent domain proceeding, the appellant, whose property has been appropriated, is entitled to have included in his judgment, not only 6% interest on the determined value of the property from the date of the taking to final judgment, as provided by the Act of Assembly, but also 6% of the determined value of the property as damages for delay in payment or detention money for the same period, in accordance with the "just compensation" provision of the State Constitution.

The General State Authority appropriated the land of Edward Treser, located in Wharton Township, Potter County, Pennsylvania, on October 3, 1955. On February 23, 1957, a jury returned a verdict of $33,500 as the value of the land, plus 6% interest on the said sum from the taking to final judgment or a total judgment of $36,357.50. At the suggestion of the court below the jury molded the verdict to the extent that the $2857.50 item for interest was considered as damages for delay in payment.

The court below on December 7, 1957 refused a motion for a new trial, holding that the verdict of the jury "can be properly upheld under either theory, i.e., that of damage for delay, or as 6% interest on the award", and entered judgment on the verdict with interest from February 23, 1957, the date of the verdict, to the date of the entry of final judgment.

The General State Authority promptly paid the appellant the amount of the judgment in the sum of $36,-357.50 but contended that the Authority was not liable for interest on this judgment after February 23, 1957 when the jury by its verdict fixed the sum due. However, the Authority did not appeal.

"When land is taken under the power of eminent domain, the owner thereof acquires the right to its value immediately upon appropriation. Until that value has been definitely ascertained, it is called damages, not a debt due; but when ascertained it relates back to the time of taking, and the owner is entitled to compensation for delay in its payment, unless just cause be shown to the contrary." *Whitcomb v. Philadelphia,* 264 Pa. 277, 284, 107 A. 765 (1919). The *Whitcomb* rule as regards compensation for delay in payment or, as it is also called, detention money, developed because the Commonwealth is not liable to a property owner for the payment of interest in addition to the amount received as actual property damages when it has exercised the right of eminent domain. *Culver v. Commonwealth,* 348 Pa. 472, 35 A. 2d 64 (1944).

The patent injustice of denying compensation for delay in payment flies in the face of the provisions of Art. I, §10 of the State Constitution, where it is expressly ordained that private property shall not be taken or applied to public use without just compensation being first made or secured. And it has long been recognized that one of the elements to be taken into consideration in determining what is just compensation is damage due to delay in payment over the period between the exercise of the right of eminent domain and the final adjustment of damages inflicted by it. Although there has been some confusion in the cases, it is now well settled that even if the appellee were entitled to a sovereign's immunity from liability of in-

terest and if there had been no statutory requirement for the payment of interest, the appellee would still be answerable in damages for delay in payment for property condemned. *Gitlin v. Pennsylvania Turnpike Com.,* 384 Pa. 326, 121 A. 2d 79 (1956); *Fid.-Phila. Tr. Co. v. Com.,* 352 Pa. 143, 42 A. 2d 585 (1945).

"This compensation, like all other charges for wrongfully withholding money, is measured by an interest rate recoverable as damages. This rate will be the normal commercial rate during the period of detention. If no evidence is given as to that rate, the presumption is that the legal rate was in effect." *Whitcomb v. Philadelphia,* supra, at page 284. "Damage for delay in payment of the property value is not interest. While measured by a rate per cent, it is recoverable as damages and not as interest." *Gitlin v. Pa. Turnpike Com.,* supra, at page 332. Interest is presumed to be 6% and any sum awarded to the owner as the fair market value of a property would be increased by a sum based on 6% for the period of detention. *Waugh v. Commonwealth,* 394 Pa. 166, 146 A. 2d 297 (1958).

However, in this case we have a statute before us which provides: ". . . just compensation to the owners thereof, as ascertained and awarded in the condemnation proceedings and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of six per centum (6%) per annum on the amount finally awarded as the value of the land in fee simple absolute, . . . as of the date of the filing of the order made for the appointment of viewers to the date of final judgment thereon." The General State Authority Act of March 31, 1949, P. L. 372, Sec. 12, 71 PS §1707-12. It should be noted that the statute clearly says, "as part of the just compensation" so that the only reason interest was provided was to compensate for the detention of the money by delay in payment.

It certainly is a fair interpretation of the legislative intent that the portion of the act providing for interest as a part of the just compensation for the landowner was intended to insure payment to him of detention money whether it is called interest or compensation for delay in payment. The contention that he is entitled to 6% each for interest and detention money is untenable because the injustice for which the theory of detention money was evolved to cure would then work an injustice on the Authority by requiring double payment by it and so unjustly enrich the appellant.

We, therefore, agree with the court below that the additional sum figured by the jury in accordance with the statute, at 6% from the date of the filing of the order to the date of final judgment, "can be properly upheld under either theory, i.e., that of damage for delay, or as 6% interest on the award."

There is no merit in the question raised by the appellee in regard to the order of court providing for interest from February 23, 1957, the date of the verdict, to December 7, 1957, the date final judgment was entered. The statute fixes payment of 6% interest on the amount fixed as the value of the land to the date of final judgment, which was December 7, 1957. This could not be computed by the jury and included in the verdict so that in order to carry out the terms of the statute, the order of the court below necessarily included interest to that date.

Judgment affirmed.