Vera Moyer *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued October 31, 1975, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Jeffrey L. Giltenboth,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Bernard Goldstone,* with him *Routman, Moore, Goldstone & Valentino,* for appellee.

OPINION BY JUDGE WILKINSON, November 20, 1975:

In this eminent domain case, property was taken for highway purposes. The Board of Viewers awarded $16,525.00. The Commonwealth appealed to the Court of Common Pleas and the jury returned a verdict in favor of the condemnee-appellee in the amount of $21,000.00. The condemnor-appellant filed a motion for a new trial which was denied. It is from the order denying a new trial that this appeal is taken.

Three grounds are asserted to require a new trial. The first involves the admissibility of evidence. One of appellee's value witnesses took into consideration, in arriving at his difference between before and after values, the costs of correcting access to the remaining property due to a change in grade. Over objection, the court per-

mitted an engineer to testify as an expert for the appellee as to the specific cost of curing the difficulty of access due to the change in grade. The engineer was permitted to break down his estimate into specific elements of costs to cure. Section 705(2)(v) of the Eminent Domain Code, Act of June 22, 1964, Special Sess. P. L. 84, *as amended*, 26 P.S. §1-705(2)·(v), makes specific provision for including in the award: "The cost of adjustments and alterations to any remaining property made necessary or reasonably required by the condemnation." The Code, in Section 705(5), makes specific provision that the valuation witness may use a written report from an expert on the cost to cure provided he furnishes the other party with a copy of the written report 10 days in advance of trial. We agree with Judge STRANAHAN of the court below that in this case 10 days' notice was not required since the expert on cost to cure testified in person. We also agree that since the expert on cost to cure was not a valuation expert, no 10-day notice was required under Section 703 of the Code. *Commonwealth v. Upholzer*, 18 Pa. Commonwealth Ct. 102, 334 A.2d 812 (1975).

The second and third grounds urged for requiring a new trial relate to the charge. The second concerns an error which the court said it made and corrected when referring to the condemnor's right to build a fence on the right of way. This Court is not ready to say that the charge was in error on this point but, assuming it was, the lower court more than adequately "confessed error" and instructed the jury to disregard the remarks.

Finally, the third ground for a new trial is that the court affirmed a point for charge submitted by appellee which allowed the jury to consider the possible bias of appellant's expert witness. The appellant asserts that this was not a proper point for charge but rather was an argument which was prejudicial to read since it did not relate to the condemnee's as well as the condemnor's witness. In fact, the court when affirming this point stated:

46

"Now that's a factor to consider, and you might also take into consideration Mr. Wilson's appraisal and all of the factors that I have discussed about credibility as it pertains to him and Mr. Brenneman or any other witness. They are all subject to your scrutiny."

In affirming the court below, we are not saying that this record would not justify the lower court granting a new trial if it so exercised its discretion. Indeed, we are not saying that if we were the lower court, we would not have done so. What we do say and must hold is that the lower court has discretion in such matters and we cannot overrule unless we find an abuse of discretion. We cannot so rule here. *Felix v. Baldwin-Whitehall School District*, 5 Pa. Commonwealth Ct. 183, 289 A.2d 788 (1972).

Affirmed.