Emory D. Stine and Violet R. Stine *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued September 13, 1976, before Judges CRUM-LISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*William D. Miller,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney Gen-

eral-Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*Joseph A. Klein,* for appellees.

OPINION BY JUDGE WILKINSON, October 1, 1976:

This action commenced with the filing of a petition for appointment of viewers on August 2, 1966, by the Department of Transportation (appellant) naming Emory D. and Violet R. Stine as condemnees. The death of Violet R. Stine leaves Emory as the sole appellee. The tract in question, previously used as a dairy farm, is located in Swatara Township in Dauphin County. Of its original 52.29 acres, 12.67 were taken for a right-of-way. Remaining are 4.38 acres west of the right-of-way and 35.24 acres to the east of the right-of-way. Condemnation was effected on May 20, 1964, by the filing of a highway plan.

The viewers, appointed by the Court of Common Pleas of Dauphin County, awarded $37,500.00 in damages in a report filed on April 26, 1974. The award was appealed by both parties. A jury trial was held and a judgment rendered on October 2, 1975. Damages were set at $80,000.00 plus $43,365.00 in detention damages. By stipulation the judgment was molded to $97,115.00. Appellant's motion for a new trial was denied on November 7, 1975, and judgment entered for the appellee on November 18, 1975. This appeal followed.

Numerous evidentiary questions are raised on this appeal. Most of them are improperly raised, however. In some cases no objection was made below or the objection was improper in form. Appellate courts will not consider objections when a party has not preserved his right to appeal. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974);

Pa. R.A.P. 302(a).[1] In other cases the objection raised on appeal is different than what was made below. When objections are specifically stated, all other grounds for objections are waived. *Commonwealth v. Raymond*, 412 Pa. 194, 194 A.2d 150 (1963). Questions on appeal not properly raised below will not be considered by the Commonwealth Court of Pennsylvania. *Coleman v. Stevenson*, 20 Pa. Commonwealth Ct. 498, 343 A.2d 375 (1975). The Court will, therefore, only address those questions properly before it.

Several questions are raised concerning the Commonwealth's liability for detention damages. In this case liability must be decided on the basis of law prior to the Eminent Domain Code, Act of June 22, 1964, P.L. 84, *as amended,* 26 P.S. §1-101 et seq. Under pre-code law a condemnee was prima facie entitled to damages for delay in payment of his compensation. *Fidelity-Philadelphia Trust Co. v. Commonwealth,* 352 Pa. 143, 145, 42 A.2d 585, 586 (1945).

"The right to damages for delay in payment in such cases may, of course, be lost if the cause for delay is the fault of the property owner. Such fault may be evidenced by an unconscionable or excessive claim of damages by the owner of the property or by his refusal, as otherwise indicated, to negotiate for the amicable settlement of the property damages."

During direct examination the condemnee testified as to his willingness to compromise the amount of damages. He also testified "I have asked them to leave my buildings and they could have the right-of-way free of charge." This testimony is attacked on appeal as irrelevant and prejudicial. Because the question of prejudice was not raised at the trial it will not be addressed here.

---

[1] "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."

Generally, the amount of an offer to buy cannot be used to show the value of property taken in a condemnation proceeding. *Kelly v. Redevelopment Authority of Allegheny County*, 407 Pa. 415, 180 A.2d 39 (1962). This rule cannot be applied to detention damages, however. The extent that a condemnee is willing to compromise is relevant to the reasonableness of his behavior and, therefore, is relevant to the issue of detention damages. The fact that the offer contemplates a change in the condemnor's plan does not make it any less of an attempt to compromise.

The appellant also appeals the exclusion of evidence that the Commonwealth filed for the appointment of the board of viewers and that the appellant petitioned for a writ of possession to gain entry onto the condemned land. The evidence was offered to show that the delay was due, in part, to the action of the property owner. This evidence was properly excluded. It is well established that who instigates eminent domain proceedings is irrelevant to the question of detention damages because there is no duty on the part of a condemnee to bring suit. *Moffat Appeal*, 400 Pa. 123, 161 A.2d 352 (1960).

Neither is the continued possession by the condemnee, in itself, relevant in determining detention damages. Detention damages are not available when delay in payment is the fault of the condemnee. *Fidelity, supra* at 145, 42 A.2d at 586. The desire of a property owner to remain in possession of his land before payment is made is, therefore, irrelevant to the question of detention damages. Continued possession is only relevant when the condemnor seeks to set off income from the property against detention damages, *Pennsylvania Company for Insurances on Lives and Granting Annuities v. Philadelphia*, 262

Pa. 439, 105 A. 630 (1918), which appellant admits is not involved in this case.[2]

Appellant also seeks a new trial on the basis that an excessive verdict was caused by the admission of highly speculative and prejudicial testimony. This testimony was specifically questioned throughout appellant's brief. Appellant's contentions have been rejected by the Court or have been improperly raised on appeal. Appellant also argues that the verdict is over the valuation of the Commonwealth's witnesses and the Board of View. Such arguments have already been rejected by our courts. *St. Clair Cemetery Association v. Commonwealth*, 390 Pa. 405, 136 A.2d 85 (1957) (disparity of damage estimates); *Sheets v. Commonwealth*, 95 Dauph. 218, *aff'd*, 10 Pa. Commonwealth Ct. 212, 310 A.2d 436 (1973) (amount over expert valuation). An appellate court will only overrule a lower court's refusal to grant a new trial when the lower court has abused its discretion, *Moyer v. Commonwealth*, 22 Pa. Commonwealth Ct. 43, 347 A.2d 757 (1975), especially when the lower court has viewed the premises. Finding none, the decision of the lower court must be affirmed.

Accordingly, we will enter the following

### Order

Now, October 1, 1976, the order of the Court of Common Pleas of Dauphin County of October 4, 1974, awarding $97,115.00 to Emory D. Stine and Violet R. Stine, is hereby affirmed.

---

[2] The appellant did not offer any evidence of rental value.