Commonwealth of Pennsylvania *v.* Good Times
Sales Company, et al.

Good Times Sales Company, a/k/a Devil's Den
Adult Book Store, a/k/a Cheoap's Corporation,
and Cheoap's Corporation, Appellants.

Submitted on briefs November 17, 1980, to President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Rochelle S. Friedman,* for appellants.

*Gary E. Hartman,* for appellee.

OPINION BY JUDGE ROGERS, December 8, 1980:

Cheoap's Corporation (Cheoaps) has appealed from an order of the Court of Common Pleas of Adams County enjoining it from displaying or selling certain materials which a jury had found to be obscene. We affirm.

The district attorney of Adams County filed a complaint in equity on behalf of the Commonwealth of Pennsylvania seeking an order enjoining Cheoaps[1] and three named individuals[2] from selling allegedly obscene materials pursuant to Section 5903 of the Crimes Code, 18 Pa. C. S. §5903. Service of process was made upon Cheoaps by the deputy sheriff of Adams County

---

[1] Also named as defendants were the Good Times Sales Company and Devil's Den Adult Book Store. These appear to have been aliases used by Cheoaps.

[2] Two of the three individuals were subsequently dropped from the action. The case against the third individual, Terry Lee Shelly, was removed to Federal Court.

by handing a true and attested copy of the complaint to Terry Lee Shelly at Cheoap's place of business. A notice to appear and defend at a jury trial to be held April 28, 1980 was served with the complaint. The district attorney, by leave of the court, subsequently withdrew his demand for a jury trial as to Cheoaps.

On May 1, 1978, the district attorney filed a petition in the court below asking for a jury trial against Cheoaps to be held May 3, 1978 and the court granted the prayer of the petition. Copies of the petition and order were provided Cheoaps by the deputy sheriff's leaving them with Mr. Shelly's wife at their residence. The matter proceeded to trial on May 3, 1978. Neither counsel for nor any representative of Cheoaps appeared at the hearing. After the presentation of the Commonwealth's case, including the introduction of 101 allegedly obscene exhibits, the jury unanimously found all except one exhibit to be obscene. The court below then issued the injunction.

Cheoaps first contends that the lower court's order is void because effective service of the complaint was not made upon Cheoaps. This argument is patently wrong. Service of process upon a corporation may be made by handing an attested copy of the process to an executive officer of the corporation, Pa. R.C.P. No. 2180(a)(1), or to the agent or person for the time being in charge of and at the usual place of business of the corporation, Pa. R.C.P. No. 2180(a)(2). In the instant case, service of the complaint was made upon Mr. Shelly, who at the time was manager and agent for Cheoaps, at Cheoap's usual place of business. A manager, for purposes of Pa. R.C.P. No. 2180(a)(1), is an executive officer of the corporation. *See* Pa. R.C.P. No. 2176; 7 Goodrich-Amram 2d §2180(a):3. Thus, effective service of the complaint upon Cheoaps was made under both Pa. R.C.P. No. 2180(a)(1) and No. 2180(a)(2).

Cheoaps next says that its right to due process was violated because it did not receive notice of the trial held May 3, 1978. We disagree. Due process requires only that a party be given notice of a hearing in a manner that is reasonably calculated to inform the party of the pending action. *Pennsylvania Coal Mining Ass'n v. Insurance Department,* 471 Pa. 437, 452, 370 A.2d 685, 692-93 (1977). The form of the notice required depends on what is reasonable under the circumstances involved. *Id.* at 452-53, 370 A.2d at 693. Since a corporation is a non-sentient entity, notice can only be received by the corporation through the eyes and ears of its officers and employees. Thus, the giving of notice to Mr. Shelly, the manager of Cheoaps, was reasonably calculated to inform Cheoaps of the pending trial. The fact that the notice to Mr. Shelly was handed to his wife at his home does not prove it unreasonable; it is a fair and reasonable assumption that a notice given a wife at home would reach her husband. Thus, Cheoaps, having had reasonable notice of the May 3, 1978 jury trial, had procedural due process.[3]

Cheoaps claims that the exhibits entered into evidence at the trial below were the fruits of an unlawful search and seizure. Cheoaps could have raised this claim and requested a suppression hearing in the lower court. Its failure to do so precludes our consideration of this contention. *Stine v. Department of Transportation,* 26 Pa. Commonwealth Ct. 292, 295, 364 A.2d 745, 746 (1976).

---

[3] The giving of written notice of the date of a hearing must be distinguished from the service of judicial process. The former must meet the constitutional imperative of due process. Although the latter must also satisfy due process requirements, it must further conform to the Pennsylvania Rules of Civil Procedure. Thus, if in the instant case it was the complaint in equity rather than the notice of hearing which was handed to Mr. Shelly's wife, effective service of process would not have been accomplished. *See* Pa. R.C.P. No. 2180(a) ; 7 Goodrich-Amram §2180(a) :3.

Cheoaps next contends that the injunction issued by the lower court is overbroad and creates an unconstitutional prior restraint on protected speech. The lower court's order enjoins Cheoaps from trading in the materials found to be obscene by the jury, which are designated in the order by the incorporation of the list of exhibits introduced at trial. This list sets forth the titles of certain publications, such as "Ooh No. 37" and "Dynamite No. 20". Cheoaps says that this manner of listing the proscribed items will prohibit the sale of all future issues of publication titled "Ooh No. 37" and "Dynamite No. 20" and thus effect a prior restraint on materials not yet found to be obscene. The error in this argument is that the future issues of these and similar publications will undoubtedly be entitled "Ooh No. 38," and "Dynamite No. 21". The list of exhibits itself bears out this logic, for there is listed, *inter alia,* an "Ooh 34", "Ooh No. 35", and a "Dynamite No. 18". There was no risk of prior restraint by the court's order.

Cheoaps also claims that there was no evidence presented to the jury which proves beyond a reasonable doubt[4] that Cheoaps was involved in the sale of the obscene materials. Again, we disagree. Evidence was presented to the jury that the adult book store where the obscene materials were sold was at times advertised as Cheoap's Corporation; that the employee at the book store was paid by checks drawn on the account of Cheoaps; and that the checks were delivered by Mr. Shelly, Cheoap's manager. The jury could properly conclude from this evidence that the Commonwealth proved beyond a reasonable doubt that Cheoaps was linked to the materials found to be obscene.

---

[4] Section 1 of the Crimes Code, 18 Pa. C. S. §5903(h), requires that the Commonwealth prove the elements of a violation of the law beyond a reasonable doubt before an injunction may issue.

Finally, Cheoaps contends that the lower court's charge to the jury was fatally defective in at least five respects. We have carefully read the lower court's instruction, which comprise one-fourth of the notes of testimony, and we have found no error.

Accordingly, we enter the following:

ORDER

AND Now, this 8th day of December, 1980, the order of the Court of Common Pleas of Adams County, No. 78-3-168, is affirmed.