HAMMOND, ET AL. *v.* STATE ROADS COM-
MISSION OF MARYLAND

[No. 177, September Term, 1965.]

*Decided March 3, 1966.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*Nelson R. Kerr, Jr.,* with whom were *Nelson R. Kerr, Kerr & Kerr* and *Edward D. Higinbothom* on the brief, for appellants.

*Norman Polski* and *Earl I. Rosenthal, Special Attorneys,* with whom were *Thomas B. Finan, Attorney General,* and *Joseph D. Buscher, Special Assistant Attorney General,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

This appeal from an order denying interest on a condemnation award is based on the claim that the action of the lower court deprived the condemnees of a part of the just compensation to which they were entitled under the provisions of the Constitution of Maryland.

The appellee-condemnor is the State Roads Commission of Maryland (S.R.C.). The appellants-condemnees are the property owners whose land was needed by the State for highway purposes. The condemnor took possession of the property under the authority granted by § 40B of Article III of the Constitution [1] and §§ 9-18 of Article 89B of the Code of 1957. The condemnation proceeding having been submitted to the Circuit Court for Harford County without a jury for a determination of the amount of damages sustained as a result of the taking, the presiding judge awarded the property owners $54,690.10, which sum, according to the inquisition, included any and all interest that had accrued from the time that possession had been taken of the property. A "judgment nisi causa" was entered on September 15, 1964. Seven days later a "judgment absolute on verdict" was entered in the sum of $54,690.10 and costs pursuant to Code (1957), Art. 26, § 22. The condemnees having withdrawn the $18,850 paid into court by the condemnors as a prerequisite to the immediate taking of the property, the balance due as of September 15, 1964, was $35,840.10. This sum was tendered on November 7, 1964, in satisfaction of the full amount due, but because it did not include interest to compensate them for the delay in paying the balance due, the condemnees petitioned the court for an order directing the S.R.C. to pay interest thereon for fifty-two days. An order directing payment of interest was granted, but following a rehearing requested by the condemnor, the lower court vacated the order allowing in-

---

1. Section 40B of Article III of the Constitution provides:
    "The General Assembly shall enact no law authorizing private property to be taken for public use without just compensation, to be agreed upon between the parties or awarded by a jury, being first paid or tendered to the party entitled to such compensation, except that where such property in the judgment of the State Roads Commission is needed by the State for highway purposes, the General Assembly may provide that such property may be taken immediately upon payment therefor to the owner or owners thereof by said State Roads Commission, or into Court, such amount as said State Roads Commission shall estimate to be of the fair value of said property, provided such legislation also requires the payment of any further sum that may subsequently be awarded by a jury."

terest and denied the petition of the condemnees. The court, reasoning that "in the absence of legislative authority to the contrary, it would seem that the [S.R.C.] is recognized as a governmental agency and [as such is] entitled to all the immunity [afforded] the State under its sovereign power," stated it could "find no specific legislative authority directing responsibility to the [S.R.C.] for the payment of interest after a judgment of condemnation has been awarded."

While there is no direct statutory authority governing the payment of interest on condemnation judgments that are not promptly paid after being made final, the rules of procedure regulating the entry of money judgments following the finding of a special verdict by a jury and a trial by the court without a jury specifically require the payment of interest on judgments so entered. The acquisition of property by condemnation is a special proceeding and as such, as are other special proceedings, is regulated, not only by the particular rules concerning the specific proceeding involved, but also by such of the general rules of procedure as may be applicable.

In eminent domain cases, Maryland Rule U19 a requires the trier of fact to render a special verdict in the form of an inquisition, which, pursuant to subsection g of U19, should set forth the amount of damages. Rule U21 a provides for the entry of a judgment *nisi* for the amount of the damages awarded and the clerk of court, pursuant to subsection d of U21, is directed to enter a final judgment as of course three days later. Rule 1 a 1 states that the rules in Chapter 1 and 100 through 600, except as otherwise expressly provided or necessarily implied, apply to the special proceedings dealt with in Chapter 1100, of which "Subtitle U. Eminent Domain" is a part. There is nothing to indicate that the general rules of procedure are not applicable to condemnation proceedings. Rule 642 (Interest on Judgment) provides that a judgment *nisi* entered by the court following the return of a special verdict by a jury pursuant to Rule 560 (Special Verdict) or trial by the court without a jury pursuant to Rule 564 (Trial by Court) shall be so entered "as to carry interest from the date of the entry of judgment *nisi.*"

What is said above would seem to dispose of the matter,

but because the S.R.C. contends that as an agency of the State of Maryland it cannot be compelled to pay interest on its debts in the absence of specific legislative authority, a further question is raised as to whether the prohibition against the taking of private property without just compensation requires the payment of interest on the amount of the condemnation judgment, irrespective of sovereign immunity, where, as here, possession had already been taken by the State and payment of the balance of the judgment was not paid promptly.

In this State, where there is constitutional and statutory authority permitting property to be taken immediately by the S.R.C. when it is needed for highway purposes upon payment therefor to the owner, or into court, the statute (§ 7(c) of Article 33A) specifically provides for the payment of interest on the difference between the amount of money initially paid into court and the award as stated in the inquisition or final judgment whichever is later, but, perhaps because it was presumed that the award would be paid promptly, there is no provision as to the payment of interest on the judgment. And while the rules of court (particularly Rule U23) authorized by the statute (§ 9 of Article 33A) provide that the plaintiff-condemnor may at once pay to the defendant-condemnee or to the clerk of court the amount awarded and the costs determined by the judgment, the rule and the statute are both silent as to the payment of interest on the judgment if it is not paid promptly. As we see it, however, the question as to whether the State may be compelled to pay interest, irrespective of its sovereign immunity and the procedural requirements, must be answered in the affirmative. The weight of authority is to the effect that interest on an award of condemnation should be paid when payment is withheld beyond the time the property is actually taken.

The constitutional requirement that a property owner be paid "just compensation" when his property is taken for public use is not unique to Maryland. The fifth amendment to the Constitution of the United States provides "nor shall private property be taken for public use, without just compensation." Similar provisions appear in the constitutions of all but two of the states, and in those two, New Hampshire and North Carolina,

the courts have read the requirement into the fundamental law of the state.

The text authorities, although recognizing some conflict among the courts, generally take the position that in the absence of statute the constitutional provisions of "just compensation" requires that the owner of property which has been taken through the power of eminent domain be indemnified by way of interest if for any reason payment is delayed beyond the actual taking. See 3 Nichols, *Eminent Domain* § 8.63 (rev. ed. 1965); 1 Orgel, *Valuation Under Eminent Domain* § 5 (2d ed. 1953); 2 Lewis, *Eminent Domain* § 742 (3d ed. 1909); 30 C.J.S. *Eminent Domain* § 333; 18 Am.Jur. *Eminent Domain* § 272.

The cases in this area are numerous, but it will suffice to refer to only a few of them in this case. In *United States v. Thayer-West Point Hotel Co.,* 329 U. S. 585 (1947), the Supreme Court of the United States recognized the traditional rule, based on sovereign immunity, that interest on a claim cannot be recovered against the government, but said that the rule was inapplicable in the area of acquisition by eminent domain because the constitutional requirement of "just compensation" entitled the property owner to receive interest from the date of the taking to the date of payment. Also see the earlier case of *Seaboard Air Line Ry. v. United States,* 261 U. S. 299 (1923) and the later case of *United States v. Alcea Band of Tillamooks,* 341 U. S. 48 (1951).

On the controversial question as to whether the state's implied sovereign immunity from paying interest on a judgment takes precedence over an owner's state constitutional right to just compensation for the taking of his property, the Supreme Court of Pennsylvania changed its answer to this question from an affirmative one to a negative one within less than two decades. In *Culver v. Commonwealth,* 35 A. 2d 64 (Pa. 1944), the Court, despite a general statutory requirement that interest should be paid in eminent domain proceedings from the date of filing the report of the viewers, voided the effect of the statute as to the Commonwealth on the theory that it did not apply to the sovereign unless the Commonwealth was specifically designated by name which the statute did not do. Subsequently, in

*Lichtenstein v. Pennsylvania Turnpike Commission,* 158 A. 2d 461 (Pa. 1960), the Court, although still recognizing the *Culver* rationale as to the freedom of the Commonwealth from liability for interest, held the Commission liable for interest in eminent domain proceedings. And in *Wolf v. Commonwealth,* 170 A. 2d 557 (Pa. 1961), the Court overruled *Culver,* and reversed itself when it held that the Commonwealth was liable for interest on the amount of the condemnation award from the date of determination to the date of actual payment. This result was reaffirmed by the holding in *Mott v. Department of Highways,* 207 A. 2d 872 (Pa. 1965), to the effect that the property owner was entitled to interest from the date of the verdict on any unpaid portion of the award.

In Ohio and Michigan, where the question as to the allowance of interest on condemnation judgments was not covered by statute, the courts have followed the same rule latterly adopted by the Pennsylvania Court to the effect that interest is recoverable against the state by virtue of the constitutional right of the owner of property to just compensation. See *State ex rel Steubenville Ice Co. v. Merrell,* 189 N. E. 116 (Ohio 1934) and *Petition of State Highway Commissioner (Van Wagoner v. Morrison),* 271 N. W. 760 (Mich. 1937).

A contrary view was taken by the Massachusetts courts. In *General Electric Co. v. Commonwealth,* 110 N. E. 2d 101 (Mass. 1953), where no mention was made of a constitutional issue and the decision was based on the concept of sovereign immunity, it was held that an owner whose property was taken under the power of eminent domain was not entitled to interest on a judgment in his favor from its date to the time of payment in the absence of specific statutory authorization for the payment of interest. But see *Rothenburg v. Boston Housing Authority,* 141 N. E. 2d 381 (Mass. 1957), where the Court, in holding that interest could be recovered for the interval between the date of a condemnation judgment and the date of payment, distinguished *General Electric Co. v. Commonwealth, supra,* on the ground that the housing authority was not the Commonwealth.

A careful reading of *Norris v. Mayor and City Council of Baltimore,* 44 Md. 598 (1876), cited by the S.R.C. for the

proposition that the jury inquisition therein involved did not bear interest, shows that it is in accord, rather than in conflict, with the rule adopted by a majority of the federal and state courts allowing interest from the *time of taking* to the *time of payment* as a constitutional right. In that case, where the damages assessed for the taking on January 22, 1874, were not paid until December 4, 1874, the payment of interest was disallowed because the city had retained the right to renounce the inquisition and select a different route for the proposed street or to abandon the project altogether at any time prior to payment of the amount assessed. It was said there that the mere assessment of damages did not constitute a taking; that such assessment was simply the mode prescribed by law for ascertaining the value of the property to be taken or the damages that would be sustained by a taking; and that it was "a step preliminary to the taking, and not the taking itself."

We hold that the property owners are entitled to interest on the unpaid balance of the condemnation judgment from September 15, 1964, to the date on which the wrongfully withheld interest is forwarded to the property owners.

*Judgment reversed; costs to be paid*
*by the appellee.*